<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4280**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

        v.

SCOTT BROWN,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, District Judge.  (4:11-cr-00127-FL-1)

_____

Submitted:  October 5, 2012       Decided:  November 2, 2012

_____

Before NIEMEYER, DIAZ, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott Brown appeals the district court's judgment revoking his supervised release and sentencing him to twenty months of imprisonment. On appeal, Brown alleges his twenty-month sentence was plainly unreasonable. For the reasons that follow, we affirm.

Three days into his supervised release, Brown was charged with statutory rape in North Carolina. Thereafter, he was convicted of state charges for indecent liberties with a minor. Brown was evaluated by a licensed sex offender therapist, who recommended that he participate in a sex offender treatment program for a period of six months. Brown's probation officer directed him to do so as part of his modified terms of release. Brown, however, failed to attend the sessions as required, in violation of his terms of supervised release. Thus, Brown's probation officer filed a motion for revocation of his supervised release for this violation and for two other violations (failure to visit the probation office and failure to submit truthful and complete reports for three months in a row).

At his revocation hearing, Brown admitted the violations and the district court sentenced him to twenty months of imprisonment, departing above his advisory Sentencing Guidelines range of 8-14 months of imprisonment. The court imposed sentence after hearing from both parties and Brown

himself, and specifically considering Chapter 7 of the Sentencing Guidelines and relevant 18 U.S.C. § 3553(a) (2006) factors. See 18 U.S.C.A. § 3583(e) (West 2000 & Supp. 2011) (listing § 3553(a) factors that may be considered for revocation of supervised release). We find that the district court adequately explained its reasons for imposing the sentence, United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009), and that the sentence was not otherwise plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546-47 (4th Cir. 2010) (providing review standard).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED